

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# Okafor v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4794

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Okafor v. Atty Gen USA" (2007). *2007 Decisions.* Paper 533.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/533

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-329**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4794
_____

IFY OKAFOR,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A77-038-400)
Immigration Judge:  Eugene Pugliese
_____

Submitted For Possible Dismissal for Lack of Jurisdiction or Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6

August 2, 2007

BEFORE: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>

(Filed August 28, 2007)
_____

OPINION
_____

PER CURIAM

  Ify Okafor, a native and citizen of Nigeria, petitions for review of an order of the

Board of Immigration Appeals ("BIA").  The Government moves to dismiss the petition

for lack of jurisdiction, or in the alternative, to summarily affirm the BIA's order.  We

agree that we lack jurisdiction over the petition for review, but on different grounds than

those asserted by the Government. Thus, we will dismiss the petition for review.

The Immigration and Nationality Service issued Okafor a notice to appear in 2004. At her hearing, Okafor conceded, through counsel, that she entered the United States in 1990, and that she is present without being admitted or paroled. The Immigration Judge ("IJ") found Okafor removable on this basis. Okafor applied for cancellation of removal and an adjustment of status to a lawful permanent resident based upon a petition for an alien relative filed by her husband. The INS had denied Okafor's application for an adjustment of status because she submitted a fraudulent birth certificate. Okafor also argued at her hearing that she should be afforded a waiver under Section 212(i) of the Immigration and Nationality Act, which allows for a discretionary waiver of inadmissibility due to fraudulent documentation.

In support of her applications for relief from removal, Okafor testified that her husband, Emmanuel Edobi, would be unable to care for their four minor children, who are United States citizens, if she were removed because he has high blood pressure and other medical problems. Edobi testified that he became a United States citizen through naturalization. Edobi also stated that he would have a hard time if Okafor is deported due to his medical problems.

Edobi further testified that he filed a petition for an alien relative on Okafor's behalf, and the INS requested her birth certificate. Edobi contacted Okafor's family in Nigeria, who sent him a birth certificate and an affidavit. The INS determined that the documents were fraudulent. Okafor's father purportedly wrote and signed the affidavit in

2

1999, but he had died in 1995. Edobi testified that he did not notice the fraudulent affidavit when he submitted it to the INS. Edobi contacted Okafor's family again and submitted additional affidavits attesting to her date of birth.

Regarding Okafor's request for a waiver under § 212(i), the IJ noted that Okafor did not file the required application form. Even if she had filed the form, the IJ stated that he would deny her application to adjust her status because any equities did not outweigh the fraud she committed in providing false documents. The IJ also concluded that Okafor did not show that her removal would result in extreme hardship to Edobi, as required by § 212(i). The IJ explained that Okafor did not submit much documentation about Edobi's medical problems, and there was no evidence that Edobi was disabled or unable to work. The IJ recognized that, if Okafor was deported, Edobi would suffer hardship because he would have to care for himself and four children if he decided to stay here. But the IJ concluded that it was not clear that he would suffer an extreme hardship beyond that which is expected when a family member is deported.

The IJ also denied Okafor's application for cancellation of removal because she had not shown the requisite exceptional or extremely unusual hardship to Edobi or her children. And the IJ stated that Okafor was not worthy of discretionary relief because she submitted fraudulent materials. The IJ did not believe that Edobi did not know what he was submitting to the INS. He also noted inconsistencies in the testimony. The IJ stated that, if Okafor had requested voluntary departure, he would have denied relief because Okafor was not a person of good moral character.

3

The BIA dismissed Okafor's appeal. The BIA was troubled by Okafor's submission of a fraudulent birth certificate and an affidavit ostensibly signed by her father after his death. The BIA agreed that Okafor was unworthy of relief as a matter of discretion, and that she did not demonstrate eligibility for the relief she sought. The BIA also rejected Okafor's requests for relief under other sections of the immigration statute, noting that she did not seek relief before the IJ. This petition for review followed.

In her brief, Okafor raised two issues for our review. First, Okafor argued that the IJ erred by stating that hardship to her children was not a consideration in determining whether to grant a waiver of inadmissibility for misrepresentation. Second, Okafor argued that the BIA and IJ erred in failing to consider relevant factors when adjudicating her applications for adjustment of status and a waiver of inadmissibility for misrepresentation. Okafor asserted that we have jurisdiction to consider both issues.

The Government correctly argues in its motion to dismiss that we lack jurisdiction to review the discretionary determinations of the BIA and IJ under 8 U.S.C. § 1252(a)(2)(B). See Zheng v. Gonzales, 422 F.3d 98, 111 (3d Cir. 2005) (noting that § 1252(a)(2)(B) forecloses review of an exercise of discretion in granting an adjustment of status); 8 U.S.C. § 1182(i)(2) (providing that the Court lacks jurisdiction to review the discretionary decision to deny a § 212(i) waiver); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003) (holding the Court lacks jurisdiction to review a decision that an alien did not meet the hardship requirement for cancellation of removal). But Okafor does not argue in her brief that the BIA and IJ erred in their discretionary

4

determinations. She argues that the IJ did not consider the proper factors in deciding whether to grant an adjustment of status or a waiver. We have jurisdiction to entertain this legal issue. Sukwanputra v. Gonzalez, 434 F.3d 627, 634 (3d Cir. 2006).

Although we will not grant the motion to dismiss for the reasons stated by the Government, we must dismiss the petition for review for another reason: Okafor has not exhausted her administrative remedies. The legal errors Okafor raises in her brief were not asserted at any time in the administrative proceedings. In her appeal to the BIA, Okafor argued that she satisfied the requirements for cancellation of removal, an issue she does not pursue in her brief to this Court. Okafor also argued that a waiver of inadmissibility should have been granted based on extreme hardship to Edobi. Okafor did not argue that the IJ failed to consider the proper factors in denying a waiver. Because we may only review a final order of removal if an alien has exhausted all administrative remedies available to the alien as of right, we must dismiss this petition. 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); Duvall v. Elwood, 336 F.3d 228, 231 (3d Cir. 2003).[1]

Accordingly, we will grant the Government's motion to dismiss.

---

[1] In her opposition to the motion to dismiss, Okafor addresses the effect of her failure to apply for a waiver of admissibility. Because we conclude Okafor did not exhaust her administrative remedies, we do not consider this issue.